There is none.
Mr. Taylor then cited 3 Bl. Com., 363. A person about to be sworn as a juror may be challenged for any of the causes there stated; or even where the challenger hath no principal cause of challenge, but only some cause of suspicion, the validity of which must be left to triers. He also cited 3 Bl. Com., 364, where it is laid down from Co. Litt., 158 b, *Page 341 
that a juror may himself be examined on oath of voire dire with regard to such causes of challenge as are not to his dishonor or discredit. He also cited 4 Bl. Com., 352, where it is said the (431) prisoner may have the same challenges for cause in a criminal as the plaintiff or defendant may in a civil case, and where a challengepropter effectum is mentioned as one of them. He argued that the expressing an opinion by the person offered as a juror, if not a principal cause of challenge, as he thought it was, at least is such a cause as might reasonably induce a suspicion of his not being indifferent and impartial towards the prisoner; and if a prisoner in a criminal case had a right to except to a juror, suspecting him to be unfavorable, there must be some mode of trying and discovering the truth of the exception, and there was no reason in a criminal case for resorting to a different mode of trial from that used in a civil one; and if on a civil case, for the purpose of reaching the disposition of the juror towards the party, the law would suffer a juror to be interrogated on his oath with respect to the truth of the cause alleged, to show him not impartial, it is equally necessary that a prisoner, where life is in danger, and for whom the law professes so much tenderness, should be also entitled to have his exception tried in the same way, and to the same means of investigating it.